IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| NEWCO ENTERPRISES,<br><br>    Plaintiff,<br><br>v.<br><br>PANCHINE GROUP,<br><br>    Defendant. | MEMORANDUM DECISION<br><br>Case No. 2:13-cv-00734-DBP<br><br>Magistrate Judge Dustin B. Pead |

**I.    INTRODUCTION**

This matter is pending consent before the Court. Plaintiff is Newco Enterprises. Defendant is Panchine Group, a foreign corporation. Defendant is located in Hong Kong, within the People's Republic of China.

On August 5, 2013, Plaintiff filed a complaint against Defendant alleging breach of contract. (Docket No. 2.) According to the complaint, the parties entered into an investment trade contract. (*Id.*) Under the contract, Defendant allegedly owes Plaintiff ninety million dollars. (*Id.*)

Also on August 5, 2013, the Clerk of Court issued an electronic summons that authorized service on Defendant. (Dkt. No. 3.) On January 13, 2014, the Court issued Plaintiff an Order to Show Cause because the record failed to reflect that the summons and complaint were served on Defendant. (Dkt. No. 6.)

On January 23, 2014, Plaintiff responded to the Order to Show Cause. (Dkt. No. 7.) After reviewing Plaintiff's response, the Court **ORDERS** Plaintiff to again arrange for service of the summons and complaint on Defendant.

## II. ANALYSIS OF SERVICE OF PROCESS

### A. Whether Service Properly Effected via Fed. R. Civ. P. 4(f)(2)(C)(ii)

Personal delivery excluded, serving a foreign corporation such as Defendant may be accomplished "in any manner prescribed by" Fed. R. Civ. P 4(f) "for serving an individual . . . ." Fed. R. Civ. P. 4(h)(2). Relevant here, Fed. R. Civ. P. 4(f)(2)(C)(ii) permits service by "using any form of mail that the clerk addresses and sends to the [defendant] and that requires a signed receipt . . . ."

Plaintiff essentially claims that it complied with Fed. R. Civ. P. 4(f)(2)(C)(ii). On November 4, 2013, a legal assistant for Plaintiff's counsel gave the Clerk of Court a pre-paid envelope containing a summons and the complaint. (Dkt. No. 7 at 1, Ex. A.) The Clerk of Court allegedly stated he or she "would serve the documents and update the docketing sheet with a Certificate of Service." (*Id.* at 2.)

To date, no Certificate of Service has been filed in this case. Therefore, this Court faces an ambiguous absence in the record regarding service. As a result, the Court concludes that the record contains insufficient evidence to demonstrate service under Fed. R. Civ. P. 4(f)(2)(C)(ii). The Court emphasizes that this conclusion does not prohibit Plaintiff from again seeking to accomplish service under Fed. R. Civ. P. 4(f)(2)(C)(ii).

### B. Whether Service Properly Effected via Email

Plaintiff also suggests that it alternatively served Defendant on November 15, 2013, when Plaintiff emailed Defendant the summons and complaint. (Dkt. No. 7 at 2, Ex. B.) Plaintiff

emphasizes that numerous emails between Plaintiff's counsel and Defendant demonstrate that Defendant received the summons and complaint via email. (*Id.*, Exs. B-E.)

The Court sympathizes with Plaintiff's attempts to accomplish service via email. However, neither Fed. R. Civ. P. 4(h)(2) nor Fed. R. Civ. P. 4(f) explicitly permits email service. In the future, Plaintiff may move the Court for an order allowing email service as an "other [service] means not prohibited by international agreement . . . ." Fed. R. Civ. P. 4(f)(3). However, the Court will not retroactively grant such an order to recognize Plaintiff's November 15, 2013 email as sufficient proof of service.

### III. ORDERS

Given the circumstances described above, the Court **ORDERS** Plaintiff to again arrange for service of the summons and complaint on Defendant. Such service must comply with Fed. R. Civ. P. 4(f) and Fed. R. Civ. P. 4(h)(2). Plaintiff must arrange for such service within **ninety (90) days** from the date of this Order.

The Court **FURTHER ORDERS** Plaintiff to prove such service under Fed. R. Civ. P. 4(*l*)(2). Plaintiff must prove service within **120 days** from the date of this Order.

Dated this 11th day of February, 2014.

By the Court:

Dustin B. Pead
United States Magistrate Judge